UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SVETLANA SHOLOPA, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>TURKISH AIRLINES, INC. a/k/a TURK HAVA YOLLARI,<br><br>        Defendant. | Case No. 1:20-cv-03294-ALC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SVETLANA SHOLOPA'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

Dated: June 10, 2020      **BURSOR & FISHER, P.A.**

               By:  */s/ Joseph I. Marchese*
                  Joseph I. Marchese

               Joseph I. Marchese
               Andrew J. Obergfell
               Max S. Roberts
               888 Seventh Avenue, Third Floor
               New York, NY 10019
               Telephone: (646) 837-7150
               Facsimile: (212) 989-9163
               Email: jmarchese@bursor.com
                  aobergfell@bursor.com
                  mroberts@bursor.com

               **BURSOR & FISHER, P.A.**
               Yeremey Krivoshey (*Pro Hac Vice Forthcoming*)
               1990 North California Blvd., Suite 940
               Walnut Creek, CA 94596
               Telephone: (925) 300-4455
               Facsimile: (925) 407-2700
               Email: ykrivoshey@bursor.com

               *Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**PAGE(S)**

I.   INTRODUCTION ................................................................................................. 1
II.  BACKGROUND REGARDING THE RELATED CASES ............................... 2
III. ARGUMENT ......................................................................................................... 4
     A.   The Court Should Appoint Bursor & Fisher as Interim Class Counsel ................... 4
          1.   Proposed Interim Class Counsel's Identification and Investigation of the Claims ................................................................. 5
          2.   Proposed Interim Class Counsel's Experience in Handling Class Actions and Other Complex Litigation .......................................... 7
          3.   Proposed Interim Class Counsel's Knowledge of the Applicable Law ................................................................................. 10
          4.   Resources That Proposed Counsel Will Commit to Representing the Class ................................................................. 10
IV.  CONCLUSION ................................................................................................... 12

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Blessing v. Sirius XM Radio Inc.*,
  2011 WL 1194707 (S.D.N.Y. M. 29, 2011)................................................................................. 5

*Ebin v. Kangadis Food Inc.*,
  297 F.R.D. 561 (S.D.N.Y. 2014) ............................................................................................... 8

*Forcellati v. Hyland's, Inc.*,
  2014 WL 1410264 (C.D. Cal. Apr. 9, 2014).............................................................................. 8

*Hart v. BHH, LLC*,
  2017 WL 2912519 (S.D.N.Y. July 7, 2017) .............................................................................. 8

*In re Scotts EZ Seed Litig.*,
  304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) .................................................................................. 8

*In re Trader Joe's Tuna Litig.*,
  2016 WL 7407329 (C.D. Cal. Dec. 21, 2016) ........................................................................... 4

*Martinelli v. Johnson & Johnson*,
  2019 WL 1429653 (E.D. Cal. Mar. 29, 2019) ........................................................................... 8

*Melgar v. Zicam LLC*,
  2016 WL 1267870 (E.D. Cal. Mar. 31, 2016) ........................................................................... 8

*Milosevic v. Turk Hava Yollari A.O., Inc. d/b/a Turkish Airlines and Turkish Airlines, Inc.*,
  No. 1:20-cv-03328 (S.D.N.Y.) ......................................................................................... 1, 2, 3

*Perez v. Rash Curtis & Associates*,
  2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) ........................................................................... 8

**RULES**

Fed. R. Civ. P. 23................................................................................................................... passim

**OTHER AUTHORITIES**

Manual for Complex Litigation (4th ed. 2004)............................................................................... 4

Moore's Federal Practice (3d. Ed. 2007) ........................................................................................ 6

I.       **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiff Svetlana Sholopa ("Plaintiff") moves for an order appointing Bursor & Fisher, P.A. ("Bursor & Fisher") as lead interim class counsel.  To date, two actions have been filed related to Defendant Turkish Airlines Inc.'s ("Turkish Airlines" or "Defendant") refusal to offer its customers refunds for flights that were cancelled or significantly delayed by Defendant: (1) this action (which is the first-filed case), and (2) *Milosevic v. Turk Hava Yollari A.O., Inc. d/b/a Turkish Airlines and Turkish Airlines, Inc.*,[1] Case No. 1:20-cv-03328 (S.D.N.Y.) (the "*Milosevic* action").  Both cases are pending in this District, with the *Milosevic* action pending before Judge Lewis J. Liman.  Bursor & Fisher has a wealth of experience successfully litigating consumer class actions in this District.  *See*, *e.g.*, *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279, ECF No. 314 (S.D.N.Y. Apr. 24, 2019) (approving $50 million settlement over violations of the Michigan Preservation of Personal Privacy Act by Hearst); *In re Scott's EZ Seed Litig.*, No. 12-cv-4727, ECF No. 367 (S.D.N.Y. Dec. 19, 2018) (approving settlement valued at $47 million over deceptive advertising of EZ Seed product by The Scotts Company); *Rodriguez v. CitiMortgage, Inc.*, No. 1:11-cv-04718, ECF No. 71 (S.D.N.Y. Oct. 6, 2015) (approving $38 million settlement over violations of the Servicemembers Civil Relief Act by CitiMortgage); *Gregorio v. Premier Nutrition Corp.*, No. 1:17-cv-05987, ECF No. 101 (S.D.N.Y. Jan. 17, 2019) (approving $9 million settlement over deceptive advertising of protein supplement products by Premier); *Hart v. BHH, LLC*, No. 1:15-cv-04804, ECF No. 93 (S.D.N.Y. July 7, 2017) (certifying class of purchasers of non-functional ultrasonic pest repellent product) *In re Scott's EZ Seed Litig.*, ECF No. 18 (S.D.N.Y. Sept. 19, 2012) (appointing Bursor & Fisher as co-lead interim class counsel); *In re Welspun Litig.*, No.

---

[1] "Turk Hava Yollari" is simply Turkish for "Turkish Airlines."  The two are not separate entities, and it is unclear why the *Milosevic* action names both as defendants.

1

1:16-cv-06792, ECF No. 58 (S.D.N.Y. Jan. 26, 2017) (appointing Bursor & Fisher as lead interim class counsel); *Rodriguez v. CitiMortgage, Inc.*, ECF No. 22 (S.D.N.Y. Nov. 14, 2011) (appointing Bursor & Fisher as co-lead interim class counsel).  Indeed, Bursor & Fisher's track record of prevailing in six of six class action jury trials since 2007 – with the latest being a $267 million class jury verdict in the Northern District of California in May 2019 – demonstrates that Bursor & Fisher is the most qualified to serve as interim class counsel in this matter.

Further, Bursor & Fisher is the only plaintiffs' firm involved in these related cases based in this District.  This distinction is important because Turkish Airlines maintains its U.S. headquarters in this District (Manhattan) along with, in all likelihood, most of the percipient witnesses and relevant evidence.  FAC ¶¶ 19, 21-22.  As this case proceeds, it is likely that attorneys at Bursor & Fisher will never have to board a flight or undertake overnight travel, as depositions can be scheduled in Manhattan at Bursor & Fisher's offices, and the courthouse is a short subway ride away.  Bursor & Fisher will thus be able to streamline this litigation by optimizing party and judicial efficiency.

Plaintiff Sholopa herby moves for appointment of her counsel as interim class counsel to ensure that, going forward, there is one unified voice for the putative classes and to promote judicial efficiency.

## II.     BACKGROUND REGARDING THE RELATED CASES

On April 27, 2020, Plaintiff Svetlana Sholopa filed the present action against Turkish Airlines in this District (the "*Sholopa* action").  On April 28, 2020, plaintiff Milica Milosevic filed the *Milosevic* action, which is pending in this District before the Honorable Judge Lewis J. Liman.  See Declaration of Joseph I. Marchese ("Marchese Decl."), Ex. D (*Milosevic* Complaint).  On May 20, 2020, Plaintiff Sholopa filed a Notice of Related Action to inform this Court of the pendency of the *Milosevic* action.  *Sholopa*, ECF No. 6.

The gravamen of the *Sholopa* and *Milosevic* actions is that Turkish Airlines refuses to issue refunds to its customers for flights that were cancelled by Defendant due to the COVID-19 crisis. *Compare, gen. Sholopa* First Amended Complaint ("FAC")*,* ECF No. 14, *with Milosevic*, ECF No. 1.  Refunds are due and owing, however, by virtue of Department of Transportation ("DOT") regulations and Turkish Airlines' Contract of Carriage.  The Department of Transportation (the "DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier."[2]  FAC ¶ 3.  "For airlines, 'prompt' is defined as being within 7 business days if a passenger paid by credit card, and within 20 days if a passenger paid by cash or check."[3]  FAC ¶ 4.  Turkish Airlines also represents in its General Conditions of Carriage that "If the Carrier cancels a flight . . . the amount to be refunded shall be:  [i]f no portion of the Ticket has been used, an amount equal to the fair paid."[4]  FAC ¶ 14.

---

[2] DEP'T OF TRANSP., U.S. DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed June 4, 2020) (hereinafter "DOT NOTICE") (emphasis added).

[3] DEP'T OF TRANSP., FREQUENTLY ASKED QUESTIONS REGARDING AIRLINE TICKET REFUNDS GIVEN THE UNPRECEDENTED IMPACT OF THE COVID-19 PUBLIC HEALTH EMERGENCY ON AIR TRAVEL 3 (May 12, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-05/Refunds-%20Second%20Enforcement%20Notice%20FINAL%20%28May%2012%202020%29.pdf (last accessed June 4, 2020) (hereinafter "DOT SECOND NOTICE").

[4] TURKISH AIRLINES GENERAL CONDITIONS OF CARRIAGE § 11.3.1, https://turkishairlines.ssl.cdn.sdlmedia.com/637140877725478215PT.pdf (last accessed June 4, 2020).

Despite being contractually and legally obligated to provide customers with refunds for cancelled flights, Turkish Airlines has not provided refunds to putative class members for flights that Turkish Airlines cancelled. FAC ¶¶ 8-16. The *Sholopa* complaint alleges claims for breach of contract. FAC ¶ 17.

## III.     ARGUMENT

### A.     The Court Should Appoint Bursor & Fisher as Interim Class Counsel

The appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class. MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) (the "Manual"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification); *see also* Advisory Committee Notes, 2003 Amendment (appointing interim class counsel is "appropriate" where – as here – there is "rivalry or uncertainty" about who is acting on behalf of the putative class).

While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See*, *e.g.*, *Rodriguez v. CitiMortgage, Inc.*, No. 1:11-cv-04718, ECF No. 22, at 2 (applying Rule 23(g)(1) factors when appointing Bursor & Fisher as interim class counsel); *In re Welspun Litig.*, No. 1:16-cv-06792, ECF No. 58 (S.D.N.Y. Jan. 26, 2017) (same); *In re Trader Joe's Tuna Litig.*, 2016 WL 7407329, at *3 (C.D. Cal. Dec. 21, 2016) (same).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)     the work counsel has done in identifying or investigating potential claims in the action;

  (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

  (iii)  counsel's knowledge of the applicable law; and

  (iv)  the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced, and generally capable of conducting class action litigation. *See Blessing v. Sirius XM Radio Inc.*, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011). Each of these considerations, as detailed below, supports the appointment of Bursor & Fisher as interim class counsel.

  **1.**  **Proposed Interim Class Counsel's Identification and Investigation of the Claims**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. <u>All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks</u>.

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Bursor & Fisher's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the putative class members. For example, among other tasks, Bursor & Fisher performed the following investigative work thus far:

(a) Investigated potential legal claims arising from Defendant's failure to refund passengers after Defendant cancelled their flights as described in the complaint;

(b) Investigated Defendant's Contract of Carriage;

(c) Analyzed the Department of Transportation's first and second Enforcement Notice;

(d) Researched Defendant's corporate structure;

(e) Investigated the potential damages model necessary for the claims in this action;

(f) Investigated the nature of the challenged conduct at issue here by interviewing dozens of potential clients and analyzed and compiled consumer complaints;

(g) Evaluated the adequacy of the named plaintiff; and

(h) Drafted and filed the complaint and First Amended Complaint in the *Sholopa* action.

Marchese Decl. ¶ 2.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the *Sholopa* Complaint. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification

pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*.

Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and discovery will be necessary before a class certification motion is filed. Discovery in this matter may be complicated and may require negotiations and motions prior to class certification. Bursor & Fisher's thorough investigation into the claims, its resources, and multiple offices located at different corners of the country will enable them to more than adequately handle this discovery and related motion practice.

### 2. Proposed Interim Class Counsel's Experience in Handling Class Actions and Other Complex Litigation

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Bursor & Fisher has "extensive experience in handling class actions and complex litigation, including products liability and consumer protection cases[.]" *In re Welspun Litigation*, No. 16-cv-6792 (RJS), Dkt. 58 at 2 (S.D.N.Y. Jan. 26, 2017). As United States District Judge Jed S. Rakoff of the Southern District of New York recognized in appointing the firm as class counsel, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims …. The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five[5] class action jury trials since 2008."

---

[5] Bursor & Fisher has since won an additional jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

7

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. 2014).

Class actions are rarely brought to trial. However, Bursor & Fisher has served as trial counsel for class action plaintiffs in six jury trials since 2007, and has won all six. Marchese Decl., Ex. A (firm resume). Most recently in May 2019, Bursor & Fisher secured a jury verdict and judgment that the defendant violated the Telephone Consumer Protection Act 534,712 times, entitling class members to $267 million in statutory damages. *See Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal. Sep. 9, 2019) (final judgment entered for $267 million); *Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020) (upholding $267 million award and noting "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result").

Bursor & Fisher also has substantial experience litigating and certifying contested claims on behalf of nationwide and multi-state classes. *See, e.g.*, *Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (E.D. Cal. Mar. 29, 2019); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017); *Melgar v. Zicam LLC*, 2016 WL 1267870 at *7 (E.D. Cal. Mar. 31, 2016) (California, Delaware, D.C., Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia classes of purchasers of Zicam's homeopathic cold remedies); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class of purchasers of Hyland's cold and flu products).

Also relevant to this action, Bursor & Fisher has extensive experience dealing with foreign defendants. For instance, in *In re Welspun Litig.*, No. 1:16-cv-06792 (S.D.N.Y.), Bursor & Fisher was appointed lead interim class counsel in a case against a foreign textile manufacturer that falsely

labeled its bed linens as "100% Egyptian cotton." *In re Welspun Litig.*, ECF No. 58. As a result of Bursor & Fisher's efforts in that case, the defendant ultimately settled the class claims for roughly $30 million on a claims-made basis.

More generally, within the past seven years, Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel in more than 30 class actions. *See* Marchese Decl. Ex. A at pp. 1-3. This includes numerous class actions within this District. *See*, *e.g.*, *Edwards v. Hearst Communications, Inc.*, No. 1:15-cv-09279, ECF No, 299 (S.D.N.Y. Jan. 24, 2019); *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, No. 1:15-cv-05671, ECF No. 130 (S.D.N.Y. Oct. 24, 2018); *Gregorio v. Premier Nutrition Corp.*, No. 1:17-cv-05987 (S.D.N.Y. Sept. 14, 2018) *Ruppel v. Consumers Union of United States, Inc.*, No. 7:16-cv-02444, ECF No. 99 (S.D.N.Y. July 27, 2018); *Taylor v. Trusted Media Brands, Inc.*, No. 7:16-cv-01812, ECF No. 75 (S.D.N.Y. Oct. 17, 2017); *Hart v. BHH, LLC*, No. 1:15-cv-04804, ECF No. 93 (S.D.N.Y. July 7, 2017); *In re Welspun Litigation*, No. 1:16-cv-06792, ECF No. 58 (S.D.N.Y. January 26, 2017); *Ebin v. Kangadis Food Inc d/b/a The Gourmet Factory*, No. 1:13-cv-02311, ECF No. 98 (S.D.N.Y. Feb. 25, 2014); *Scott v. JPMorgan Chase & Co., et al.*, No. 1:13-cv-00646, ECF No. 21 (S.D.N.Y. May 30, 2013); *In re Scotts EZ Seed Litig.*, No. 12-cv-4727, ECF No. 18 (S.D.N.Y. Sept. 19, 2012); *Rodriguez v. CitiMortgage, Inc.*, No. 1:11-cv-04718, ECF No. 22 (S.D.N.Y. Nov. 14, 2011).

Bursor & Fisher also has several prestigious appointments in multi-district litigations. The firm has been appointed to the leadership structure in *In re: Fisher-Price Rock 'N Play Sleeper Marketing, Sales Practices, And Products Liability Litigation*, Case No. 19-md-2903 (W.D.N.Y.) and *In re: American Medical Collection*, Case No. 19-md-2904 (D.N.J.), the class action steering committee and co-chair of the Losartan committee in *In re: Valsartan Products Liability*

*Litigation*, 19-md-02875 (D.N.J.), and the class action steering committee in *In re: Zantac (Ranitidine) Products Liability Litigation,* 20-md-02924 (S.D. Fla.). Mr. Marchese, the undersigned counsel, was also appointed to the leadership structure in *In re: Blue Buffalo Company, Ltd., Marketing And Sales Practices Litigation*, 14-md-2562 (E.D. Mo.), which ultimately settled for a $32 million cash common fund.

### 3. Proposed Interim Class Counsel's Knowledge of the Applicable Law

Proposed interim class counsel are also knowledgeable about the law applicable to instant claims, as demonstrated by their experience litigating other multi-state class actions. As set forth above, the attorneys of Bursor & Fisher have a long track record of successfully litigating large-scale consumer and complex actions, including cases in this District, and are also familiar with this Court's rules and procedures.

### 4. Resources That Proposed Counsel Will Commit to Representing the Class

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports Bursor & Fisher's appointment. Bursor & Fisher is a well-established, successful law firm that has the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. In addition, Bursor & Fisher maintains an office in New York and has long prosecuted class actions in this District. Marchese Decl. ¶ 9. As a result, the firm can fully utilize its resources and knowledge of local practice while minimizing attorneys' fees and costs, including for travel to court hearings. Bursor & Fisher has already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firm's resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiff and the

putative class members.  Bursor & Fisher's ability to draw from this well-developed repository of information will also allow it to streamline the litigation.

Notably, other courts have opined on the resources and commitment of Bursor & Fisher in representing clients in class action cases.  For instance, United States District Court Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014). Marchese Decl. ¶ 8 and Ex. C.  Judge England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." Ex. C at 3.  Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so.  The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.*  (citation omitted).  In addition, in appointing Bursor & Fisher as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG) (S.D.N.Y. Nov. 14, 2011), United States District Court Judge Paul G. Gardephe of the Southern District of New York recognized that Bursor & Fisher is a "well-established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale class action litigation." Marchese Decl. ¶ 7 and Ex. B at 3.  Judge Gardephe further noted that he had "no reason to doubt that [counsel] will provide the necessary resources going forward to litigate this case." *Id.*

As interim class counsel, Bursor & Fisher will continue to commit the same resources and effort to this case as they have committed to their other, successful consumer class action litigations.

IV.     **CONCLUSION**

In the interest of judicial economy and for the reasons set forth above, Plaintiff Sholopa respectfully requests that the Court appoint Bursor & Fisher as interim class counsel.

Dated: June 10, 2020                **BURSOR & FISHER, P.A.**

By:     */s/ Joseph I. Marchese*
          Joseph I. Marchese

Joseph I. Marchese
Andrew J. Obergfell
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
        aobergfell@bursor.com
        mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (*Pro Hac Vice Forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ykrivoshey@bursor.com

*Attorneys for Plaintiff Svetlana Sholopa*