**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SVETLANA SHOLOPA and MILICA MILOSEVIC, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>TURK HAVA YOLLARI A.O. (d/b/a Turkish Airlines, a foreign corporation), and TURKISH AIRLINES, INC., a New York Corporation<br><br>       Defendants. | Case No. 1:20-cv-03294-ALC<br><br>Hon. Andrew L. Carter<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

  **WHEREAS**, Plaintiffs Svetlana Sholopa and Milica Milosevic ("Plaintiffs") filed a putative class action against Defendants Turk Hava Yollari A.O. (d/b/a Turkish Airlines) and Turkish Airlines, Inc. ("Turkish Airlines") on behalf of themselves and all others similarly situated, alleging that Turkish Airlines did not issue or timely issue refunds for its customers' flights that were cancelled due to COVID-19 and Turkish Airlines denied such allegations;

  **WHEREAS**, Plaintiffs and Turkish Airlines entered into a Settlement Agreement and Release ("Settlement Agreement" or "Settlement") on December 20, 2022, which is attached as Exhibit 1 to the Declaration of Yeremey O. Krivoshey in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed on December 20, 2022, and sets forth the terms and conditions of the proposed Settlement and the dismissal of the Litigation[1] against Turkish Airlines with prejudice;

  **WHEREAS**, Plaintiffs have moved the Court for an Order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23, certifying a Settlement Class for purposes of settlement, and approving notice to the Settlement Class as more fully described herein;

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise defined.

**WHEREAS**, Turkish Airlines does not contest certification of the Settlement Class solely for purposes of settlement;

**WHEREAS**, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval of Class Settlement, and the supporting Declaration of Yeremey O. Krivoshey, and found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

## Settlement Class Certification

2. The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met. The Court preliminarily certifies the following class for purposes of the Settlement only: all United States residents who purchased tickets for travel on a Turkish Airlines flight scheduled to operate to, from, or within the United States between March 1, 2020 and December 31, 2021 (the "Class Period") (a) whose flights were cancelled by Turkish Airlines, (b) the customer did not cancel the flight or fail to show for the first leg of the flight prior to the cancellation of a later leg, (c) the customer did not request and receive a voucher or rebooking from Turkish Airlines, and (d) the customer did not request and receive a charge back from their credit card provider for the full amount of the flight cancelled by Turkish Airlines (the "Settlement Class").

3. The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied for the Settlement Class in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions

affecting only individual members of the Settlement Class; and (f) a class settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds that pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, that Plaintiffs Svetlana Sholopa and Milica Milosevic are adequate class representatives and appoints them to serve as representatives for the Settlement Class.

5. The Court also finds that the law firms of Bursor & Fisher, P.A. and Liddle Sheets Coulson P.C. have significant expertise and knowledge in prosecuting class actions involving consumer claims, and has committed the necessary resources to represent the Settlement Class. The Court, for purposes of settlement, appoints Bursor & Fisher, P.A. and Liddle Sheets Coulson P.C.as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

**Preliminary Approval of the Settlement**

6. The Court finds that the Settlement is the product of non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through discovery and motion practice, and whose negotiations were supervised by an experienced mediator. The Court also finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation and does not grant preferential treatment to the Plaintiffs and their counsel, and has no obvious deficiencies.

7. The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

**Manner and Form of Notice**

8. The Court approves the Class Notice substantially in the form attached as Exhibit C and Exhibit D to the Settlement Agreement. The Court also finds that the proposed notice plan, which includes e-mail dissemination of notice to the Settlement Class, first-class mail service of

postcard Summary Notice to those Settlement Class Members for whom e-mail notice is unavailable or where the e-mail notice has been undeliverable, and the posting of the notice on the Settlement Website, will provide the best notice practicable under the circumstances. The Class Notice is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the Released Claims contained therein), and any motion for attorneys' fees, costs, and expenses, and service awards, and of their right to submit a Claim Form and object to any aspect of the proposed Settlement. The notice plan constitutes due, adequate, and sufficient notice to Settlement Class Members; and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Class Notice before it is mailed or posted.

9. The Court hereby appoints JND Legal Administration to serve as the Settlement Claims Administrator to supervise and administer the notice procedures, establish and operate a Settlement Website and a toll-free number, administer the Claims processes, distribute cash payments, Vouchers, and Interest Payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties provided for in the Settlement Agreement.

10. Turkish Airlines shall provide the Settlement Claims Administrator with the e-mail and mail addresses of the Settlement Class Members (the "Class List"), for the purpose of disseminating e-mail and postcard notice as detailed in the Settlement Agreement. Turkish Airlines shall take appropriate measures to ensure that the Class List is transferred to the Settlement Claims Administrator in a secure manner, and the Settlement Claims Administrator shall maintain the Class List in a secure manner.

11. The Settlement Claims Administrator shall provide notice of the Settlement and the Final Approval Hearing to Settlement Class Members as follows:

(a) The Settlement Claims Administrator will disseminate Class Notice to Settlement Class Members via e-mail.

(b) The Settlement Claims Administrator will send first-class mail service of postcard

Summary Notice to the last known address for those Settlement Class Members associated with an unknown or undeliverable e-mail address; and

(c)     As soon as practicable following the entry of this Order, and no later than the commencement of the Class Notice Date, the Settlement Claims Administrator shall establish the Settlement Website pursuant to the terms of the Settlement Agreement. The Class Notice shall be posted on the Settlement Website on or before the Class Notice Date.

### The Final Approval Hearing

12.     The Court will hold a Final Approval Hearing on July 20_____, 2023, at 11:00 AM, for the following purpose: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for class action treatment under Rules 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to rule upon Class Counsel's application for an award of attorneys' fees, costs, and expenses; (iv) to rule upon Class Counsel's application for service awards to Plaintiffs; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

13.     The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members and (b) approve the Settlement Agreement with modification and without further notice to Settlement Class Members. The parties retain their rights under the Settlement Agreement to terminate the Settlement if the Court rejects, materially modifies, materially amends or changes, or declines to finally approve the Settlement.

14.     If the Settlement is approved, all Settlement Class Members who do not exclude themselves will be bound by the proposed Settlement provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members who do not exclude themselves shall be bound by all determinations

5

and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

15. Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and service awards shall be filed no later than **fourteen (14) calendar days** prior to the Opt-Out and Objection Date. Papers in opposition shall be filed on or by the objection deadline, as set forth below. Reply papers shall be filed no later than **seven (7) calendar days** prior to the Final Approval Hearing.

### Objections and Appearance at the Final Approval Hearing

16. Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees, costs, and expenses or to Class Counsel's application for service awards. No Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees, costs, and expenses, or for service awards, unless that Settlement Class Member or person has served written objections upon the Settlement Claims Administrator no later than the Opt-Out and Objection Date.

17. For an objection to be considered by the Court, the objection must set forth: (a) the name of this Litigation; (b) the objector's full name, address, email address, and telephone number; (c) the objector's flight numbers for all flights at issue in the Settlement, the flight dates, and the flight route (destination and origin airports); (d) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (e) all grounds for the objection, accompanied by any legal support for the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based or upon which the objector or his or her counsel intends to rely; (g) the identity of all counsel who represent the objector; and (h) the objector's handwritten signature, even if represented by counsel.

18. Any Settlement Class Member who does not make his or her objection in the manner provided for herein shall, absent good cause, be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses or for service awards. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

19. Any Settlement Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

**Exclusion from the Settlement Class**

20. Any requests for exclusion must be postmarked no later than the Opt-Out and Objection Date.  Any person who would otherwise be a Settlement Class Member who wishes to be excluded from the Settlement Class must notify the Settlement Claims Administrator in writing of the intent to exclude himself or herself from the Settlement Class, postmarked no later than the Opt-Out and Objection Date. The written notification must include the individual's (i) name, (ii) address, (iii) a statement that the person wishes to be excluded from the Settlement in this Litigation, and (iv) handwritten signature. All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the forms of relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any orders of the Court, or any final judgment.

21. Any person who would otherwise be a member of the Settlement Class and who does not notify the Settlement Claims Administrator of his/her intent to exclude himself or herself from the Settlement Class in the manner stated in this Order shall be deemed to have waived his or her right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the

7

Settlement and the judgment, including but not limited to, the release of the Released Claims against the Released Parties provided for in the Settlement Agreement and the judgment, if the Court approves the Settlement.

22. The Settlement Claims Administrator shall also provide a final report to Class Counsel and Turkish Airlines, no later than **fourteen (14) calendar days** before the Final Approval Hearing, that summarize the number of opt-out notifications received to date and other pertinent information, and provide copies of the opt-out requests to the Parties' counsel.

### Termination of the Settlement

23. If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if the Parties elect to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

24. The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

### Summary of Relevant Deadlines

| Event | Deadline |
| --- | --- |
| Last day for Turkish Airlines to provide Settlement Class Member contact information to the Settlement Administrator | **14 days after entry of Preliminary Approval Date** |
| Notice Date (Email and Direct Mail) | **Within 30 days after entry of Preliminary Approval Date** |
| Reminder Email Notice | **30 days after first Email Notice is sent** |

8

| Event | Deadline |
|---|---|
| Last day for Plaintiffs and Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, costs and service awards | **14 days before the Exclusion/Objection Deadline** |
| Exclusion/Objection Deadline | **21 days before the Final Approval Hearing** |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Class Counsel's application for attorneys' fees, costs and service awards | **7 days before Final Approval Hearing** |
| Claims Deadline | **60 days after Notice Date** |
| Final Approval Hearing | **July 20, 2023** |

**IT IS SO ORDERED.**

DATED:  April 4, 2023

_____
THE HONORABLE ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE

The Court shall hold a telephonic final fairness hearing on **Thursday, July 20 at 11:00 a.m.**  The parties and the public shall contact the Court at **1-888-363-4749** (access code: **3768660**).

9