**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SVETLANA SHOLOPA and MILICA MILOSEVIC, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>TURK HAVA YOLLARI A.O. (d/b/a Turkish Airlines, a foreign corporation), and TURKISH AIRLINES, INC., a New York Corporation,<br><br>                              Defendants. | Case No.  1:20-cv-03294-ALC<br><br>Hon. Andrew L. Carter<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS** |

WHEREAS, Plaintiffs have submitted authority and evidence supporting Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses, and Incentive Awards; and

WHEREAS, the Court, having considered the Motion and being fully advised, finds that good cause exists for entry of the Order below; therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1.     Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in Class Counsel's Motion for Award of Attorneys' Fees, Costs, and Expenses, and Incentive Awards.

2.     Class Counsel requests the Court award 6.38% of the approximately $14.1 million cash value of the Settlement ($900,000) as attorneys' fees, costs, and expenses.

3.     These requested attorneys' fees, costs, and expenses, which are significantly below the "benchmark" fee award in this Circuit, are fair and reasonable.  *See Velez v. Novartis Pharm. Corp.*, 2010 WL 4877852, at *21 (S.D.N.Y. Nov. 30, 2010) ("District courts in the Second Circuit routinely award attorneys' fees that are 30 percent or greater.").  The Court reaches this conclusion after analyzing: "(1) the time and labor expended by counsel; (2) the

magnitude and complexities of the litigation; (3) the risk of the litigation []; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

4. Class Counsel performed exceptional work and achieved an excellent result for the Class, recovering approximately $14.1 million in value for the Settlement Class. This litigation was extremely risky for Class Counsel. Class Counsel worked entirely on contingency basis.

5. The market supports the fee, which is 6.38% of the approximately $14.1 million cash value of the Settlement. *See*, *e.g.*, *Velez*, 2010 WL 4877852, at *21 (S.D.N.Y. Nov. 30, 2010); *Fleisher v. Phoenix Life Ins. Co.*, 2015 WL 10847814, at *16 (S.D.N.Y. Sept. 9, 2015) ("[T]he requested fee represents less than 10% of the total gross value of the Settlement, which is *far below* the mainstream of percentage awards in this Circuit.") (emphasis in original).

6. The Court has conducted a lodestar cross-check, which yields a multiplier of 3.37 based on Class Counsel's present hours. The hours spent by Class Counsel on this matter are reasonable, and counsel's rates are supported by evidence establishing that they are in line with current market rates for attorneys with comparable experience and expertise in their field. The multiplier is reasonable and supports the award sought.

7. Class Counsel requests an incentive award of $3,500 each for the two representative Plaintiffs. The requested incentive awards are fair and reasonable. *See*, *e.g.*, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2018 WL 3863445, at *2 (S.D.N.Y. Aug. 14, 2018) (approving incentive awards of $25,000); *Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 125 (S.D.N.Y. 2001) (noting case law supports payments of between $2,500 and $85,000).

8.   Based on the foregoing, the Court awards Class Counsel $900,000 in attorneys' fees, costs, and expenses; and awards Plaintiffs Svetlana Sholopa and Milica Milosevic $3,500 each as service awards.

IT IS SO ORDERED.

Dated:  8/25/2023

_____
HON. ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE